**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LONNIE SALAZAR,

       Plaintiff,

v.                                         CV 13-0414 MV/WPL

SOCIAL SECURITY ADMINISTRATION
CAROLYN W. COLVIN, ACTING COMMISSIONER
OF SSA,

       Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

On this appeal from a determination of nondisability by the Social Security Administration, Lonnie Salazar has filed a motion to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. (Doc. 2.) The statute requires a person seeking to proceed IFP to submit an affidavit showing a financial inability to pay the required filing fees. *See* 28 U.S.C. § 1915(a); *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Under § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal punctuation omitted).

Although the district court has wide discretion in deciding whether to allow a litigant to proceed IFP, this Court may not act arbitrarily and must provide a sufficient explanation to allow for meaningful appellate review. *See id.* at 1306-07; *see also Lister*, 408 F.3d at 1313 (citing *Martinez* with approval). While IFP status should be granted sparingly in civil cases, a litigant need not be absolutely destitute to qualify for IFP status. *See Martinez*, 364 F.3d at 1306-07. A

litigant should not be forced to become a public charge or abandon his claims because of filing fee requirements. *Id.*

Salazar has submitted an affidavit using a form supplied by the Court. (Doc. 2 Ex. 1.) According to the affidavit, Salazar is forty-eight years old and married. (*Id.* at 1, 5.) He also lists a seven-year-old granddaughter who relies on him and his spouse for support, though it is not clear if she is part of Salazar's household. (*Id.* at 3.) No other dependents are listed.

The affidavit states that Salazar earns no income. (*Id.* at 1.) However, it also states that his wife earns an average gross income of $3,740 per month. (*Id.*) He says that his family does not own any motor vehicles, home, other real estate, or other assets, and he claims that neither he nor his wife have any money in a bank account or other financial institutions. (*Id.* at 2-3.) Nonetheless, Salazar states that his spouse makes motor vehicle installment payments of $760 per month, with another $320 per month going to other transportation expenses. (*Id.* at 4.) An additional $435 per month is spent on unspecified "other" installment payments. (*Id.*) Salazar's spouse also pays $650 per month in housing costs for the family (presumably rent, since he does not list a house as an asset and he does not list any homeowner's insurance expenses), with utilities averaging $250 per month. (*Id.*) Salazar claims total average monthly expenses of $3,840 per month, though the monthly expenses listed on the affidavit add up to not quite $3,745. (*See id.* at 4-5.)

According to the United States Department of Health and Human Services, the 2013 poverty level is $15,510 per year for a household of two and $19,530 for a household of three.[1] Even assuming that Salazar's granddaughter constitutes part of his household, Salazar's family income is over $25,000 above the poverty level ((3740x12) – 19530). Further, although his

---

[1] *See* Office of the Assistant Sec'y for Planning & Evaluation, *2013 Poverty Guidelines*, U.S. DEP'T OF HEALTH & HUMAN SERVS., http://aspe.hhs.gov/POVERTY/13poverty.cfm (last visited May 6, 2013).

family's stated monthly obligations exceed his spouse's monthly income by almost $5, several of Salazar's family expenses are excessive for someone claiming that he cannot pay or give security for filing costs while still providing his family with the necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). For example, though the current national monthly average "thrifty food plan" cost for a family of two adults in Salazar's age group and a seven-year-old child is about $480 per month,[2] Salazar claims family food expenses of $640 per month. His family's monthly transportation costs of $1,200 per month (including installment payments, insurance and other expenses) are also excessive for a family that does not own a vehicle, particularly in light of the fact that only one household member is currently working.

In short, Salazar has not established that he meets the indigency requirement for proceeding IFP. *See Adkins*, 335 U.S. at 339. Accordingly, I recommend that the Court deny his motion to proceed IFP (Doc. 2).

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

---

William P. Lynch
United States Magistrate Judge

---

[2] *See Official USDA Food Plans: Cost of Food at Home at Four Levels, U.S. Average, March 2013*, U.S. Dep't of Agric. (April 2013), http://www.cnpp.usda.gov/USDAFoodCost-Home.htm

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.